1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASHOK ARORA, | MDL No. 11md2286-MMA-MDD |
| | Member No. 15cv1712-MMA-MDD |
| Plaintiff, | **ORDER DENYING MOTION FOR REMAND** |
| v. | |
| MIDLAND CREDIT MANAGEMENT, INC., and MIDLAND FUNDING LLC, | [Doc. No. 512] |
| Defendants. | |

Plaintiff Ashok Arora ("Plaintiff") moves to remand his claims against Defendants Midland Credit Management Inc. and Midland Funding LLC ("Defendants") to the jurisdiction in which Plaintiff initiated this action—the Northern District of Illinois. This action is currently a member case, No. 15cv1712-MMA-MDD, in the multidistrict litigation *In Re: Midland Credit Management, Inc. Telephone Consumer Protection Act Litigation*, No. 11md2286-MMA-MDD ("Midland MDL"). For the reasons discussed below, the Court **DENIES** Plaintiff's motion to remand.

## BACKGROUND

On July 10, 2015, Plaintiff commenced this action in the Northern District of Illinois. On August 3, 2015, after the Panel concluded that Plaintiff's claims concern

"questions of fact that are common to the actions previously transferred to" the MDL, the Panel transferred the action to this Court as a tag-along action in the Midland MDL. *See Midland MDL*, Doc. No. 245.

On December 2, 2016, the Court granted final approval of a class settlement ("Class Settlement") in the MDL. *See* Doc. No. 434. The Class Settlement resolved claims by class members against Defendant for calls made during the period of November 2, 2006 to August 31, 2014. Specifically, the Class Settlement released all claims:

> relating to the making, placing, dialing or initiating of calls using an automatic telephone dialing system or artificial or prerecorded voice, any and all claims for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the regulations promulgated thereunder or related thereto, and any and all claims for violation of any laws of any state that regulate, govern, prohibit or restrict the making, placing, dialing or initiating of calls using an automatic telephone dialing system, an artificial or prerecorded voice, or any automated process or technology . . . .

*Midland MDL*, Doc. No. 281-3. Class members had the right to opt out of the Class Settlement or object to its terms. *See Midland MDL*, Doc. No. 281-3. Plaintiff opted out of the Class Settlement. *See* Doc. Nos. 419, 512. Now, Plaintiff requests the Court remand this action to the Northern District of Illinois. *See* Doc. No. 512. Plaintiff seeks remand "so he may amend his complaint and continue his individual action." *See* Doc. No. 512. Upon remand, Plaintiff indicates that he would request leave to amend his complaint in order to add claims for violations of the Fair Debt Collection Practices Act ("FDCPA"), civil rights violations, and claims for conspiracy and hate crimes. *See* Doc. No. 512.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1407, the Panel is authorized to "separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded." 38 U.S.C. § 1407(a). It is further authorized to

"prescribe rules for the conduct of its business," provided such rules are "not inconsistent with [statute] and the Federal Rules of Civil procedure." *Id.* § 1407(f). Those rules provide that "the [Panel] may remand an action or any . . . claim within it, upon . . . the transferee court's suggestion of remand." J.P.M.L.R. 10.1(b). "In considering the question of remand the [Panel] has consistently given great weight to the transferee [court]'s determination that remand of a particular action at a particular time is appropriate . . . ." *In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977). When suggesting remand, transferee courts apply the same guidelines the Panel itself would apply when deciding whether to order remand. *In re Bridgestone/Firestone, Inc., ATX, ATX II & Wilderness Tires Prods. Liab. Litig.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001).

<u>DISCUSSION</u>

Plaintiff requests the Court remand this action to the District Court for the Northern District of Illinois. Defendants oppose remand arguing that Plaintiff's claims share a common factual core with TCPA claims pending in the other member cases of the MDL, requiring that it remain in the MDL for consolidated or coordinated pre-trial proceedings. *See* Doc. No. 520. According to Defendants, discovery regarding common issues, such as whether Midland's dialing technology qualifies as an ATDS under the TCPA, is "far from complete." *See* Doc. No. 520 at 4. Plaintiff argues that while his TCPA claim shares a common issue with other member cases of the MDL, discovery related to the specific claims he looks to add in an amended complaint is likely to be more extensive than the discovery related to the TCPA claims. *See* Doc. No. 512 at 7. However, the Court declines to suggest that the Panel remand this action to the Northern District of Illinois as Plaintiff's TCPA claim must be litigated here.

"Remand is inappropriate . . . when continued consolidation will 'eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.'" *In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 688 (S.D. Tex. 2005) (citing *In re Heritage Bonds Litig.*, 217 F. Supp. 2d 1369,

1370 (J.P.M.L. 2002) (internal citation omitted)).  Plaintiff's TCPA claims were not resolved by the Class Settlement because Plaintiff chose to opt out of the Settlement, and discovery regarding Defendants' dialing technology is incomplete.  Suggesting remand would thus conflict with the Panel's initial determination that the MDL be created in order to "eliminate duplicate discovery and prevent inconsistent pretrial rulings." *See In re: Midland Credit Mgmt., Inc., Tel. Consumer Prot. Act Litig.*, 818 F. Supp. 2d 1377–78 (J.P.M.L. 2011).  On substantially similar facts, the Court has previously denied motions for suggestion of remand in thirty-one other member actions in which the movants opted out of the Class Settlement.  *See* Doc. No. 443.

Further, "only upon a showing of good cause" will the Panel "remand an action or actions prior to the completion of coordinated or consolidated pretrial proceedings." *See In re S. Cent. States Bakery Prod. Antitrust Litig.*, 462 F. Supp. 388, 390 (J.P.M.L. 1978).  Plaintiff would benefit from further coordinated proceedings and discovery in light of his pending TCPA claims.  Plaintiff agrees that his claim shares a common issue of fact with the other members of the MDL as to "whether the dialer used by [Defendants] to place calls to [P]laintiff's cell phone is an auto-dialer under [the] TCPA." *See* Doc. No. 512 at 7.  Instead, Plaintiff argues that, upon remand, the "overhead" of discovery regarding whether Defendants used an automatic telephone dialing system ("ATDS") would be minimal since the same material would be produced through personal discovery in the claim's originating jurisdiction as would be produced here.  *See id.*  While the Court is sympathetic to Plaintiff's plight, the main focus of the consolidated pre-trial discovery in this MDL is that very issue.  In other words, the MDL was specifically created to prevent duplicative discovery in different jurisdictions regarding whether Defendants used an ATDS.

The Court is also sympathetic to Plaintiff's argument that he would like his case to be remanded to its original jurisdiction so that he may amend his complaint to add new parties and causes of action.  However, even had Plaintiff originally included those parties and allegations, or were to make those amendments now, Plaintiff's TCPA claims

remain, and those claims would benefit from coordinated pretrial proceedings in this MDL action. Further, the Panel has noted that the existence of other claims in member actions does not undermine or obviate the efficiency of consolidated litigation in MDL actions. *See* Doc. No. 177 (noting that member cases in the MDL already include many actions alleging claims other than violations of the TCPA) (stating that transferring a case to the MDL "does not require complete identity or even a majority of common factual and legal issues"). Accordingly, the Panel would be highly unlikely to find good cause to accept the undersigned's recommendation that it remand this action, were the undersigned so inclined to make such a recommendation.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion and **DECLINES** to suggest remand of this action to the District Court for the Northern District of Illinois. *See* Doc. No. 512.

The Clerk of Court is instructed to file this Order on the docket of MDL No. 2286 as well as on the docket of member case number 15cv1712-MMA-MDD.

**IT IS SO ORDERED.**

Dated: July 31, 2017

Hon. Michael M. Anello
United States District Judge

-5-                                                          11md2286-MMA-MDD