UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No.: 11md2286-MMA-MDD<br>Member Case No.: 15cv1712-MMA-MDD<br><br>**ORDER RE: JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**[ECF No. 736]** |

Plaintiff Ashok Arora ("Arora") in member case number 15cv1712-MMA-MDD moved to compel Midland[1] to supplement certain discovery responses relating to Plaintiff-specific information. (ECF No. 736). Pursuant to this Court's September 5, 2018 Order, Midland was required to produce certain "Plaintiff-specific information," including a list of calls made to Arora on the accounts identified to cellular telephone numbers identified by Arora, account notes or other records relating to Arora's account, and any consent evidence currently in Midland's possession. (ECF No. 608 at 4). Arora

---

[1] The Court refers to all Defendants in this case as "Midland."

1

contends that Midland's production of such information was insufficient.

First, Arora avers that the list of calls produced by Defendant should include the time of day of each call. Midland argues the time of day of each call is irrelevant in this TCPA action. On August 10, 2018, the parties filed a Joint Motion for Order Implementing the Plaintiff Questionnaire and Protective Order and Providing for Limited Preliminary Discovery. (ECF No. 603). On August 15, 2018, the Court ordered that any Plaintiff with objections to the implementation of the Questionnaire was required to file objections no later than August 27, 2018. (ECF No. 604). No objections were filed and the Court implemented the Plaintiff Questionnaire and the production of plaintiff-specific information, which does not require Midland to list the time of day of each call. (ECF No. 608). Arora could have objected to the questionnaire and Midland's proposed productions on the grounds that it would not require Midland to provide the time of day each call was made. The failure to object waives this argument.

Second, Arora contends Midland must produce account notes or other records relating to the account Midland called Arora about. Arora acknowledges that any account notes it has do not pertain to Arora because the calls to his telephone number were wrong-number calls. However, Arora still asserts he is entitled to those account notes because they are protected by the Protective Order in this case. Midland counters that the account notes are not relevant to Arora's case. The Court agrees with Midland. Arora is not entitled to a third party's confidential information, even with the Protective Order because they are not relevant.

Midland has told Arora that it has produced all of the documents required by the Court's September 5, 2018 Order. The Court's September 5, 2018 Order is unique to this Multi-District Litigation ("MDL") and is a

method of obtaining discovery relevant to this MDL without requests for production of documents and interrogatories. Thus, Midland was not required to object or state that they do not have other records relating to Arora's number. Midland's statement that it has produced all of the document required by the Court's order is sufficient.

Third, Arora moves to compel evidence regarding consent possessed by Midland. According to Arora, Midland has neither stated that they do not possess any consent evidence nor objected to this request. As indicated previously, Midland was neither required to object nor state that they do not have any consent evidence and Midland's response that it produced all documents required by the Court's order is adequate.[2]

Based on the foregoing, the Court **DENIES** Arora's motion to compel as presented in this Joint Motion.

**IT IS SO ORDERED**.

Dated: January 6, 2020

Hon. Mitchell D. Dembin
United States Magistrate Judge

---

[2] The Court notes, however, that Midland could have avoided this dispute by simply stating it does not have consent evidence regarding Arora.