UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No.: 11md2286-MMA-MDD<br>Member Case No.: 15cv1712-MMA-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISPUTE PRESENTING PLAINTIFF ASHOK ARORA'S MOTION TO COMPEL COMPLIANCE WITH COURT ORDER**<br><br>**[ECF No. 753]** |

Before the Court is the Joint Motion of Plaintiff Ashok Arora in member case number 15cv1712-MMA-MDD, and Midland[1] to determine a dispute filed on January 28, 2020. (ECF No. 753). Plaintiff alleges that Midland did not fully comply with this Court's Order dated September 5, 2018, requiring Midland to produce to qualified plaintiffs information regarding dialing technologies and processes. (*See* ECF No. 608 at 5).

---

[1] The Court refers to all Defendants in this case as "Midland."

1

The September 2018 Order, among other things, required Midland to make available to plaintiffs who completed a required questionnaire:

    a. Non-privileged documents sufficient to show the dialing technology Defendants used to make debt-collection calls during the time periods in which the plaintiffs in this MDL were called by Midland, as reflected by the Plaintiff Questionnaire responses and the call records produced by Defendants (the "Relevant Time Periods").

    b. Non-privileged documents sufficient to show Defendants' internal policies and procedures relating to debt-collection calls during the Relevant Time Periods, including materials used to train employees responsible for placing calls during the Relevant Time Periods.

    c. A description of the technological systems, including both hardware and software, that Midland used to contact consumers by telephone during the Relevant Time Period, including, to the extent readily available:

        i. The model and manufacturer of all hardware devices used;

        ii. The name and developer of each software program used by Midland, whether such programs were purchased from a third-party vendor, customized for Midland in conjunction with a third-party vendor, or developed internally;

        iii. The purpose or function of each such device or software program;

        iv. How Midland's employees or agents operate such devices and software programs; and

        v. The dates such devices and software programs were in use at Midland.

    d. A description of how the technological systems described in response to item (c) above are used to place calls to individual consumers.

September 2018 Order, ¶ C.1 (ECF No. 608 at 5-6).

Plaintiff alleges that Midland's production failed to include call recording policies. (ECF No. 753 at 8-9). Midland responded that it produced dialing procedure information but that "call recording policies" are irrelevant to claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, as the TCPA does not regulate call recording. The Court agrees with Midland that the TCPA does not regulate call recording, but that does not make this information irrelevant. The Court also finds that call recording policies fall

2

within the scope of information required to be produced by Midland under ¶ C.1.b of the September 2018 Order as it pertains to "internal policies and procedures relating to debt-collection calls ...." (ECF No. 608 at 5).

Accordingly, Midland must supplement its production of information to all Plaintiffs who completed the required questionnaire sufficient to show Midland's call recording policies and procedures relating to debt collection calls during the relevant time periods. The Court notes that Midland agreed to be deposed on this topic by Plaintiffs, which would include Mr. Arora, alleging calls prior to September 1, 2014. *See Third Amended Notice of Fed. R. Civ. P. 30(b)(6) Deposition of Defendants, Topic No. 21*, ECF No. 750 at 5).

Plaintiff next claims that Midland's production regarding technical systems is deficient under ¶ C.1.c of the September 2018 Order. (ECF No. 753 at 11). Specifically, Plaintiff asserts that Midland should have produced "an exhaustive list of functions and features" of the software it deployed all documentation regarding the capabilities of dialers. (*Id.* at 12). The Court finds that the information requested by Plaintiff is not required by the September 2018 Order. The Order required Midland to describe the various systems and produce certain information regarding those systems, to the extent readily available, but did not require production of an exhaustive list of features and functions nor "all documents" regarding those systems. Midland's compliance with the Order in this instance is satisfactory.

Plaintiff next asserts that Midland was required to produce information regarding its dialing "campaigns" pursuant to ¶ C.1.d of the September 2018 Order. The Court agrees with Midland that nothing in the Order requires information regarding calling "campaigns."

On December 27, 2019, certain plaintiffs alleging TCPA violations against Midland prior to September 1, 2014, filed a notice of deposition of

Midland regarding calling practices and policies relevant to that time frame. (ECF No. 738). All parties were provided the opportunity to hear the deposition and communicate questions to the attorneys conducting the deposition. (*Id.*). The deposition was noticed for January 28, 2020. (*Id.*). The deposition notice was amended several times, but the date and conference arrangements did not change. (ECF Nos. 744, 750). Plaintiff had ample notice of the deposition and could have used the opportunity to inquire of Midland regarding the very issues he raises in this motion. Although his decision not to participate does not doom this Motion, it is worth noting that Plaintiff may have learned something of interest to further support this motion or to avoid the necessity of bringing it had he chosen to participate. (*See* ECF No. 750 for the lengthy list of deposition topics).

## CONCLUSION

Plaintiff's Motion to Compel, as presented in this Joint Motion, is **GRANTED IN PART AND DENIED IN PART.** To the extent that the Court has ordered Midland to supplement is production pursuant the September 2018 Order, it must do so no later than 30 days following the entry of this Order on the docket

**IT IS SO ORDERED**.

Dated: January 31, 2020

Hon. Mitchell D. Dembin
United States Magistrate Judge