# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No. 11-md-2286-MMA (MDD)<br><br>Member Case No. 15-cv-1712-MMA (MDD)<br><br>**ORDER GRANTING PLAINTIFF ARORA'S EX PARTE MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS**<br><br>[Doc. No. 31] |

Plaintiff Ashok Arora ("Arora"), proceeding pro se, moves ex parte for leave to electronically file documents pursuant to the District's "Electronic Case Filing Administrative Policies and Procedures Manual" ("Manual") § 2(b). Doc. No. 31.[1]

Manual § 2(b) governs pro se electronic filing requirements. It states the following:

---

[1] Unless otherwise noted, document numbers refer to member case number 15-cv-1712-MMA (MDD).

1

> Unless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office by parties appearing without an attorney must be in legible, paper form. The Clerk's Office will scan and electronically file the document.
>
> A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual. If granted leave to electronically file, the pro se party must register as a user with the Clerk's Office and as a subscriber to PACER within five (5) days.
>
> A pro se party must seek leave to electronically file documents in each case filed. If an attorney enters an appearance on behalf of a pro se party, the attorney must advise the Clerk's Office to terminate the login and password for the pro se party.

Manual § 2(b).

In support of his motion, Arora provides the following five points:

1. Plaintiff has current experience electronically filing documents using the Case Management/Electronic Case Filing (CM/ECF) system. Plaintiff has been electronically filing documents for the past two and half (2.5) years in the District Court for the Northern District of Illinois for his multiple lawsuits against collection agencies.

2. Plaintiff expects to file additional motions in this case in the near future.

3. Plaintiff has read the Court's Civil Chamber Rules and is aware that he must obtain a hearing date prior to filing a motion. For the instant motion, Plaintiff was informed that he does not need a hearing date.

4. Electronic filing will eliminate delays associated with paper filing. For example, Plaintiff mailed his REPLY (Doc 760) on February 12, 2020 via UPS Next Day Air. According to UPS, it delivered the document on February 13, 2020 at 09:58AM. It appears the Clerk's office did not process the document until five days later on February 18, 2020. *Doc 760 at 15*.

> 5. Plaintiff has also been disadvantaged as a non-registered user. The Clerk of Court does not mail every filed document to non-registered users. As a result, plaintiff did not receive many of the documents relevant to his case. Plaintiff was able to find out about those documents only because he logs into PACER to check the case status every now and then.

Doc. No. 31 at 2.

The Court is satisfied that Arora has demonstrated the means to file documents electronically. Arora does not explicitly state his "equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual." Manual § 2(b). However, the Court finds that his "current experience electronically filing documents . . . . for the past two and half (2.5) years in the District Court for the Northern District of Illinois"[2] is sufficient to demonstrate the necessary equipment and software capabilities. Doc. No. 31 at 2. Moreover, the Court finds that Arora's familiarity with the Court's Chambers Rules and his approved Illinois e-filing application satisfies his "agree[ment] to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual." Manual § 2(b).

Accordingly, the Court **GRANTS** Arora's ex parte motion for leave to electronically file documents in case numbers 11-md-2286-MMA (MDD) and 15-cv-1712-MMA (MDD). Pursuant to Manual § 2(b), Arora must register as a user with

---

[2] In the United States District Court for the Northern District of Illinois, a pro se litigant can use e-filing *only if* the pro se litigant:

> [1] is NOT a restricted filer in this Court; and [2] has a civil case in this Court where they are listed as a party; and [3] successfully completes either the online or instructor-led e-filing training program offered by the Clerk's Office; and [4] submits a pro se e-filing application.

ECF Account Registration, United States District Court for the Northern District of Illinois, https://www.ilnd.uscourts.gov/Pages.aspx?p/uoAuH/Df4M/7TLEJLWoH6b6VLVYjYz8lTtshzvKNI=.

| | |
|---|---|
| 1 | the Clerk's Office and as a subscriber to PACER within five (5) days of this Order.  The |
| 2 | Court notes that the District is upgrading its CM/ECF software on March 2, 2020, and |
| 3 | e-filers must take several steps to continue to electronically file.  *See* <u>CM/ECF Next |
| 4 | Generation (NextGen)</u>, United States District Court, Southern District of California, |
| 5 | https://www.casd.uscourts.gov/cmecf/nextgen.aspx.  The Court further notes that, as with |
| 6 | physically filed documents, electronically filed documents are also subject to rejection |
| 7 | due to document discrepancies.  Failure to follow all Manual and Court rules may result |
| 8 | in documents being stricken due to noncompliance.  Repeated noncompliance may result |
| 9 | in Arora losing the privilege to file documents electronically. |

The Court **INSTRUCTS** the Clerk of Court to file this Order on the docket of member case number 15-cv-1712-MMA (MDD).

**IT IS SO ORDERED**.

Dated: February 26, 2020

*/s/ Michael M. Anello*

Hon. Michael M. Anello
United States District Judge